495 So.2d 874 (1986)
Jack DOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 86-118.
District Court of Appeal of Florida, Fifth District.
October 9, 1986.
*875 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from a guidelines departure sentence. Because the trial judge based the departure on invalid reasons, we must vacate the sentence and remand for resentencing.
The defendant was charged by information with one count of sexual activity with a child 12 years of age or older but less than 18 years of age by a person in a position of familial or custodial authority,[1] [§ 794.041, Fla. Stat. (1985)] and one count of sexual battery upon a child under 12 years of age [§ 794.011(2), Fla. Stat. (1985)]. In exchange for the State's agreement to nolle pros the sexual battery charge, the defendant entered a plea of guilty to the charge under section 794.041.
The judge departed from the recommended guidelines sentence of 5 1/2 to 7 years and sentenced the defendant to a 30 year term of imprisonment. The written reasons upon which the trial court based its departure can be summarized as follows: (1) the young age of the victim; (2) the father-daughter relationship between the defendant and the victim (defendant was the victim's step-father); (3) that the departure is necessary for the protection of society; (4) the continuing and repeated nature of the defendant's assaults; and (5) the severe emotional and psychological trauma suffered by the victim.
The Florida supreme court has held that a trial court may not use an inherent component of the crime in question to justify departure. State v. Cote, 487 So.2d 1039 (Fla. 1986). The age of the victim and the relationship between the victim and the offender are both statutory components of the crime in question. Thus, the first two reasons cannot justify a departure sentence. The third reason has already been held an invalid reason for departure. Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986). The fourth reason is also invalid as Rule 3.701(d)(11), Florida Rules of Criminal Procedure, prohibits the use of factors relating to the instant *876 offense for which convictions have not been obtained.
Finally, psychological trauma to a victim of a sexual crime was held not to be a valid reason for departure in Lerma v. State, 497 So.2d 736 (Fla. 1986), where the supreme court stated that
emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim.
Lerma, 497 So.2d at 739. Lerma was not available to the trial judge when this sentence was imposed, and it is dispositive of this issue here.
Because none of the reasons stated constitute a valid basis for departure, we need not consider defendant's contention that the extent of the departure was an abuse of discretion.
The sentence is VACATED and the cause is REMANDED for resentencing.
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] person who stands in a position of familial or custodial authority to a child twelve years of age or older but less than eighteen years of age and who:
* * * * * *
(b) Engages in sexual activity with that child is guilty of a felony in the first degree ...
§ 794.041(2), Fla. Stat. (1985).