498 So.2d 647 (1986)
Gary Ellis MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-496.
District Court of Appeal of Florida, First District.
December 10, 1986.
*648 J. Craig Williams of Williams & Stapp, Jacksonville, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
Mathis appeals the trial court's departure from the recommended guidelines sentence. We affirm.
Mathis was convicted of, and sentenced for, three counts of robbery with a firearm, three counts of aggravated assault and three counts of use of a firearm during the commission of a felony. The trial court stated both valid and invalid reasons for departure. The reasons may be summarized as follows:
(1.) The manner in which the crimes were committed constituted a crime binge.
(2.) The innocent victims suffered severe emotional and psychological trauma as a result of Mathis' conduct.
(3.) Mathis' action constituted the excessive use and threat of force.
(4.) Two of the victims were female store clerks working alone and at night.
(5.) Mathis admittedly used drugs and alcohol prior to the commission of the crimes.
(6.) Mathis' actions created an unreasonable risk to the safety of others.

*649 (7.) The guidelines sentence would not provide adequate retribution, rehabilitation and deterrence.
Reasons (1.), (3.), (4.), and (6.) are valid and the others are invalid. The court also stated, both at the sentencing hearing and in its written statement of reasons for departure, that any one of the cited reasons would be sufficient for the court to depart. Therefore, as we have done in the previous cases Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986) and Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986) we certify the following question to be one of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?

AFFIRMED.
SMITH, THOMPSON and WIGGINTON, JJ., concur.