UPCHURCH, Chief Judge.
Jerry Rozar appeals a judgment and sentence for three counts of lewd and lascivious assault on a child under the age of sixteen. Rozar’s recommended guideline sentence was two and one-half to three and one-half years imprisonment. The trial judge departed from the guidelines, stating as his reasons the tender years of the victim and the fact that the state attorney did not charge the highest crime possible.
Rozar was convicted of three counts of violating section 800.04, Florida Statutes (1985), which prohibits a lewd or lascivious assault on any child under the age of sixteen years. Because age is an inherent component of the crime, the tender years of the victims cannot be used to justify departure. See Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986).
The second reason for departure, the trial court’s belief that the state failed to charge the highest crime possible, is likewise invalid. This ground violates Florida Rule of Criminal Procedure 3.701(d)(ll) because it punishes the defendant for offenses for which he has not been convicted. See Bram v. State, 496 So.2d 882 (Fla.2d DCA 1986); Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986).
Rozar’s conviction is affirmed. However, we conclude that these are invalid reasons under the guidelines and that we must reverse and remand for resentencing.
AFFIRMED in part, REVERSED and REMANDED in part.
ORFINGER and COWART, JJ., concur.