515 So.2d 214 (1987)
Gary Ellis MATHIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 69746.
Supreme Court of Florida.
November 12, 1987.
*215 J. Craig Williams of Williams and Stapp, P.A., Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review Mathis v. State, 498 So.2d 647 (Fla. 1st DCA 1986), in which the district court certified the following question of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON v. STATE?

Id. at 649. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision of the district court with orders to remand to the trial court for resentencing.[1]
Mathis robbed three Jacksonville convenience stores between 7:30 and 8:45 p.m. on January 7, 1985, while under the influence of cocaine, heroin, alcohol, and quaaludes. He pleaded guilty to three counts each of armed robbery, aggravated assault, and use of a firearm during commission of a felony. The trial court exceeded the recommended guidelines range of seven to nine years and imposed an eighteen-year sentence. The district court affirmed, finding *216 three of the seven reasons given by the trial court invalid. The remaining reasons, as summarized in the district court opinion, are as follows: (1) The manner in which the crimes were committed constituted a crime binge; (2) Mathis' action constituted the excessive use and threat of force; (3) Two of the victims were female store clerks working alone and at night; (4) Mathis' actions created an unreasonable risk to the safety of others. Mathis, 498 So.2d at 648-49.
Petitioner argues that none of the reasons the trial court set forth are "clear and convincing" reasons to depart from the recommended guidelines sentence in this case. We agree. Neither reasons prohibited by the guidelines themselves, nor factors already taken into account in calculating the guidelines score, nor an inherent component of the crime in question can justify departure. State v. Mischler, 488 So.2d 523, 526 (Fla. 1986).
The first reason, that the crimes constituted a "crime binge," does not constitute a clear and convincing ground for departure. See State v. Rousseau, 509 So.2d 281 (Fla. 1987). Each robbery was scored in determining Mathis' guidelines sentence; thus, this factor has already been taken into account by the guidelines. There are no additional facts about the timing of the robberies that would justify departure. Rousseau, 509 So.2d at 283.
The second reason, excessive use and threat of force, is not a valid reason for departure when the force used results in victim injury and the extent of injury already has been calculated in the guidelines. VanTassell v. State, 512 So.2d 181 (Fla. 1987); Vanover v. State, 498 So.2d 899 (Fla. 1986). In this case, however, there was no physical injury to any of the victims[2] nor do the facts support a finding of excessive use or threat of force. Petitioner's actions in pointing a gun at the victims and threatening to "blow [them] away" did not go beyond that degree of force or threat of force inherent in the crime of armed robbery.
The third reason, that the victims were female and working alone at night, is invalid because the victims' defenselessness is common to nearly any armed robbery. Nor is the gender of the victim, in and of itself, an appropriate reason for departure.
The last reason, unreasonable risk to the safety of others, has been upheld as a valid reason for departure. Scurry v. State, 489 So.2d 25, 29 (Fla. 1986); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986). Unreasonable risk to the safety of others, however, is simply not borne out by the record in this case. The "facts" supporting this reason, as set out by the trial judge, were "the possibility that Ms. Clark's niece or an innocent customer could have been in one of the three stores between 7:30 and 9:00 p.m." In fact, no customers were present or threatened by Mathis during the robberies; this reason thus cannot be used to support a departure in this case.
In conclusion, none of the reasons upheld by the district court are valid. Accordingly, we quash the decision below and direct *217 the district court to vacate the sentence and remand to the trial court for resentencing within the guidelines.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Although inapplicable in this case, we answered the certified question in the negative in Griffis v. State, 509 So.2d 1104 (Fla. 1987).
[2] If there had been victim injury, it would not have been scored because the guidelines in effect at the time of petitioner's sentencing allowed scoring for victim injury only if it was an element of the crime for which the defendant was convicted, see Fla.R.Crim.P. 3.701(d)(7)(1985), and injury is not an element of the crime of robbery. Under the amended guidelines, victim injury is scored regardless of whether or not it is an element of the crime for which the defendant has been convicted. Florida Rules of Criminal Procedure re Sentencing Guidelines (rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987). We note that under the old guidelines, our district courts upheld excessive force as a reason to depart in robbery cases, viewing it as an aggravating circumstance within the meaning of Fla.R.Crim.P. 3.701(b)(3) ("penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense"). See Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984). See also Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986) (use of violent force upheld as basis for departure in aggravated child abuse case because amount and type of force not synonymous with severity of medical injuries received).