ORFINGER, Judge.
Defendant’s conviction for trafficking in more than 400 grams of cocaine is affirmed. We vacate his sentence, however, and remand for resentencing because it appears from the sentencing order that the trial court considered the sentence to be a guideline sentence, from which he was departing. The crime was committed before October 1,1983, and there is nothing in the record to indicate that defendant affirmatively selected to be sentenced under the guidelines. See Irving v. State, 464 So.2d 672 (Fla. 5th DCA 1985).
The trial judge gave two reasons for “enhancement of the guideline sentence”: 1) the great quantity of cocaine involved, i.e., 576 kilograms; 2) “The defendant’s leadership role in an extensive cocaine smuggling organization.” The first reason would have been an invalid basis for departure because the quantity of drugs involved in the crime is an inherent component of the offense which has already been factored into the guideline score, and cannot be used again as a basis for departure. Atwaters v. State, 519 So.2d 611 (Fla.1988); Banks v. State, 509 So.2d 1320 (Fla. 5th DCA 1987); Stanley v. State, 507 So.2d 1131 (Fla. 5th DCA 1987). The second ground, however, has been held to be a valid basis for departure from a guidelines sentence. See Fletcher v. State, 508 So.2d 506 (Fla. 4th DCA 1987); McCullum v. State, 498 So.2d 1374 (Fla. 3d DCA 1986); Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985).
Any sentence imposed shall be a non-guidelines sentence unless the defendant affirmatively selects to be sentenced under the guidelines.
Conviction AFFIRMED; Sentence VACATED and REMANDED.
DAUKSCH and COBB, JJ., concur.