PER CURIAM.
This is another sentencing departure case.
The defendant was adjudicated guilty of a lewd assault upon a child[1] and attempted lewd assault upon a child[2] and the trial court imposed a departure sentence. However, the reasons given for departure have either been held insufficient or are not supported by the record.
The age of the victim is an inherent component of the crime of lewd assault on a child. See Graham v. State, 557 So.2d 669 (Fla. 5th DCA 1990); Rozar v. State, 500 So.2d 659 (Fla. 5th DCA 1986); Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986).
Abuse of a position of trust does not support a departure sentence imposed for a lewd assault upon a child because such abuse is so commonly performed by persons who take advantage of a trust position. See Graham v. State, 557 So.2d 669 (Fla. 5th DCA 1990); Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987). See also Hall v. State, 517 So.2d 692 (Fla.1988); Harper v. State, 521 So.2d 163 (Fla. 5th DCA 1988). Further, a “position of trust” as it relates to a child is the crux of the separate crime of “sexual activity” with a child by one in a position of familial or custodial authority to the child which is proscribed by section 794.041, Florida Statutes, and the defendant was not convicted of that offense.
The oral and anal penetration of the five year old victim, is likewise invalid. Lewd assault on a child (section 800.04, *825 Florida Statutes) now includes any act defined as sexual battery under section 794.-011(l)(h) upon any child under the age of 16 years. Oral and anal penetration, then, is an inherent component of the offense.
Emotional or psychological trauma is not a valid reason supporting departure in this case because it is an inherent component of the offense and also because it is a common and expected result of this type of offense. See State v. Jaggers, 526 So.2d 682 (Fla.1988); Barrentine v. State, 521 So.2d 1093 (Fla.1988); and Carter v. State, 516 So.2d 1142 (Fla. 5th DCA 1987). See also State v. Rousseau, 509 So.2d 281 (Fla.1987); Lerma v. State, 497 So.2d 736 (Fla.1986).
The remaining reasons given for departure refer to other criminal acts of child abuse for which convictions have not been obtained and therefore cannot be used to support a departure sentence. See Fla.R.Crim.P. 3.701(d)(11); Rozar v. State, 500 So.2d 659 (Fla. 5th DCA 1986); Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986).
The departure sentence is vacated and the cause remanded for entry of a guidelines sentence. See Pope v. State, 561 So.2d 554 (Fla.1990).
SENTENCED VACATED; CAUSE REMANDED.
DANIEL, C.J., and W. SHARP and COWART, JJ., concur.

. Section 800.04, Florida Statutes.

. Sections 777.04; 800.04, Florida Statutes.