COBB, Judge.
Brawn appeals his conviction and sentence for grand theft. Brawn received a split sentence of five years incarceration whereafter thirty months, the balance would be suspended with the remainder to be spent on probation. This constituted a departure from the sentencing guidelines as Brawn’s scoresheet reflected a recommended range of “any non-state prison sanction.” Brawn claims that the written departure reasons provided by the trial court do not justify the increased sentence. We agree and reverse.
While employed as a physical education teacher at an elementary school, Brawn removed a camcorder and VCR from the school’s media storage facility without authorization. He was arrested approximately six months later when the missing equipment was found in his home. In departing from the sentencing guidelines, the trial court offered a written narrative, which encompassed three different aspects or consequences of Brawn’s criminal conduct. First, the trial court essentially summarized the state’s evidence which proved that Brawn committed grand theft. These factors are inherent in the nature of grand theft and may not be used to support a departure sentence. See State v. Fletcher, 530 So.2d 296 (Fla.1988); Harris v. State, 566 So.2d 823 (Fla. 5th DCA 1990); Collins v. State, 535 So.2d 661 (Fla. 3d DCA 1988); Cabrera-Sarmiento v. State, 522 So.2d 1080 (Fla. 5th DCA 1988); Crosby v. State, 518 So.2d 477 (Fla. 5th DCA 1988).
Secondly, the trial court stated that when Brawn testified at trial he accused the school representatives who were state witnesses of not telling the truth and conspiring against him. The trial court obviously disbelieved Brawn’s testimony and perceived that he lied under oath. However, Brawn was not prosecuted for perjury. The guidelines do not allow departures based on criminal conduct not resulting in conviction. See Wesson v. State, 559 So.2d 1100 (Fla.1990). A trial court may not aggravate a sentence based only on a subjective belief that a defendant lied under oath. See Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla.1986); Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985), quashed on other grounds, 487 So.2d 1060 (Fla.1986); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985). See also City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985); Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
Lastly, the trial court emphasized the possible emotional and psychological harm to the students who learned of Brawn’s criminal conduct. The trial court indicated that Brawn instructed almost all of the elementary school students, “who, no doubt, looked up to him for guidance, direction and example.” The court further stated that the children “who may be aware of his transgression have been, in the mind of this court, damaged in their development; the natural respect, trust and admiration which must exist between teachers and. students has been destroyed and the children who must be aware of his criminal activities now will no doubt be suspicious of those with whom they come into contact with in similar circumstances.”
*52 Psychological harm to students is not an inherent element of grand theft. However, the record in the instant case did not establish that the elementary school students were harmed by the revelation that one of their teachers stole school equipment. The court also concluded, without supporting evidence, that the natural trust which exists between teachers and students was destroyed in the minds of the students as a result of this one incident. Even if the evidence established student trauma, it does not appear that such harm could serve as a departure reason where the students were not directly victimized by the teacher’s criminal behavior. The teacher in this case stole from the school board which owned the camcorder and VCR. The students’ disappointment or disillusionment is such a collateral consequence of the crime that it does not justify a departure sentence. If this departure reason were approved, it could be used in numerous cases since many people convicted of crimes serve as role models in some capacity or have been placed in a position of trust with regard to young people. Cf. Cumbie v. State, 574 So.2d 1074 (Fla.1991) (departure reason not valid if it will routinely authorize departure sentences).
Since none of the factors relied on by the trial court are valid reasons for departure, the sentence must be reversed and the case remanded for imposition of a guideline sentence. See Pope v. State, 561 So.2d 554 (Fla.1990). Although Brawn’s scoresheet reflects a recommended range of any non-state prison sanction, the trial court may sentence Brawn to incarceration not exceeding twenty-two months without providing departure reasons. See § 921.001(5), Fla.Stat. (1989).
JUDGMENT AFFIRMED; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.
DAUKSCH and PETERSON, JJ., concur.