586 So.2d 438 (1991)
William T. GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-755.
District Court of Appeal of Florida, First District.
September 16, 1991.
William R. Slaughter, II, Slaughter and Slaughter, Live Oak, for appellant.
*439 Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellee's motion for rehearing and review of the trial court's order, we determine that because section 775.085, Florida Statutes (1989), was not in effect at the time the crimes were committed, such statute should not be considered in determining the validity of the departure sentence. The original opinion is, therefore, stricken and replaced by the following opinion.
Appellant, Grant, raises four points on appeal. We find no reversible error as to the first three points, and affirm as to those points without discussion. Appellant also contends that the trial court erred in departing from the sentencing guidelines because the departure reasons were either invalid or not supported by the record. We find, while the first six reasons given by the trial judge would not justify a departure, the last reason was both valid and supported by a preponderance of the evidence, and affirm. Section 921.001(5), Fla. Stat.
The stated reasons for imposing a departure sentence were as follows:
Reason 1: The defendant committed a crime against an elderly female at her home late at night and she was especially vulnerable.
Reason 2: The defendant induced a juvenile to participate or assist in the commission of a violent crime.
Reason 3: The defendant committed the crimes in a way that displayed an utter disregard for human life that are not inherent components of the particular offenses.
Reason 4: The guideline recommendation of 4 1/2-5 1/2 years is manifestly insufficient to provide the appropriate retribution, deterrence or time for rehabilitation.
Reason 5: The offenses were committed in a way as to create an unreasonable risk of harm to others. See reason 3.
Reason 6: The defendant induced others to participate or assist in the commission of the crimes.
Reason 7: The sole purpose for which the defendant committed these crimes was in furtherance of racial prejudice.
As to reason one, there is no evidence that this particular victim was any more vulnerable to the crime of shooting into an occupied dwelling than any other person. Duncan v. State, 532 So.2d 674 (Fla. 1st DCA 1988). Since the crime did not involve a physical confrontation and was committed at night while the victim was in bed, there is no evidence that the physical disabilities of the victim resulted in any greater vulnerability to this particular crime.
The second reason is invalid because the fact that the defendant carried out the crime with the assistance of a minor is insufficient to justify a departure. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985). There was no specific evidence presented which would indicate that appellant had sufficient control and authority over the minors to justify a departure from the guidelines. Price v. State, 519 So.2d 76 (Fla. 2nd DCA 1988).
The evidence presented is insufficient to support reasons three and five. It was not proven beyond a reasonable doubt that any of the crimes were committed in flagrant disregard of the safety of others. Scurry v. State, 489 So.2d 25 (Fla. 1986). Any danger presented to others was the danger that is normally inherent in the commission of the crimes charged. Brawn v. State, 582 So.2d 50 (Fla. 5th DCA 1991). The state concedes that the fourth reason is insufficient and reflects nothing more than the judge's general disagreement with the guideline.
Reason six is invalid because the act of inducing others to participate or assist in the commission of the crime was inherent in the crime charged. Brawn, supra. Grant was charged and convicted of aiding and abetting. In each count of the information applicable to appellant, the charge read that Grant did "aid, abet, counsel, hire *440 or otherwise procure" other parties to commit the crime. A departure sentence for this reason is, therefore, invalid.
As to reason seven, the record supports the finding that the motives of the crime were racial in nature. The underlying racial motivation for an offense is an unscoreable aspect of the crime on the guidelines scoresheet, and, prior to October 1, 1989, was not an element of any crime or a statutory-enhancing factor. § 775.085, Fla. Stat. (1989). The record in this case established that appellant's commission of the crimes against the arbitrarily chosen white victims was motivated by the killing of a black youth, Freddie Johnson, by a white police officer on April 10, 1989. Dwayne Jackson, one of appellant's cohorts in the crime spree, testified that just hours before committing the crimes, appellant commented on the killing of Johnson, stating that "we shouldn't let these crackers get away with killing a nigger." The testimony of the co-perpetrator, Richard Forbes, also supports the underlying motive for the crimes. Sufficient evidentiary support existed for this departure reason. See Harris v. State, 580 So.2d 804 (Fla. 1st DCA 1991).
The conviction and sentence are, therefore, affirmed.
ZEHMER, BARFIELD and WOLF, JJ., concur.