WRIT OF HABEAS CORPUS
PETERSON, Judge.
Charles Ambrose petitions this court for a writ of habeas corpus for a belated appeal based upon a claim of ineffective assistance of counsel. We find merit in only one of the three issues raised in the petition and grant the writ.
Ambrose was convicted of two counts of sexual battery upon his 71 year old victim. The trial court departed from the guidelines giving as reasons for the departure:
(1) Age of victim;
(2) Helplessness and vulnerability of victim especially in view of her living alone and trusting this young man she was trying to help.
The Florida Supreme Court ruled in Wemett v. State, 567 So.2d 882 (Fla.1990), that age related vulnerability is not a clear and convincing reason for departure because, as in most sexual battery cases, the victim is virtually always helpless, and almost every elderly person could be considered vulnerable to a younger, stronger assailant. The supreme court had rejected vulnerability as a reason for departure in earlier decisions. Williams v. State, 492 So.2d 1308 (Fla.1986) (vulnerability of victim alone not a valid reason for departure); Lerma v. State, 497 So.2d 736 (Fla.1986), receded from on other grounds, State v. Rousseau, 509 So.2d 281 (Fla.1987) (vast majority of sexual battery victims are virtually helpless); Mathis v. State, 515 So.2d 214 (Fla.1987) (victim’s defenselessness is common to nearly all robberies). Although Wemett was decided after the defendant was sentenced, the concerns of the use of vulnerability as a reason for departure were expressed and rejected by the supreme court prior to the defendant being sentenced in Williams, Lerma and Mathis.
Since the basis for the departure was not an issue raised by appellate counsel although the precedent for a reversal existed, we are constrained to find that assistance of appellate counsel was ineffective and vacate the sentence. The case is remanded to the trial court for resentencing within the guidelines.
WRIT ISSUED; SENTENCE VACATED; REMANDED.
HARRIS, C.J., and GOSHORN, J., concur.