SCHWARTZ, Chief Judge.
The appellant Jones and two co-perpetrators followed an Illinois businessman named Thomas Walsh, who had just arrived at Miami International Airport for a meeting in Broward County the next day, from a rental car agency at the airport onto an expressway where they stopped his car at gunpoint, shot at him and robbed him of money and jewelry. She was convicted of attempted third degree felony murder, as a lesser offense of attempted first degree murder, and of armed burglary, armed robbery, carjacking with a firearm, and dealing in stolen property. On this appeal, she challenges only the first conviction and an upward departure sentence which was based on the victim’s heightened vulnerability.[1] We find merit in both positions.
I.
The attempted third degree felony murder conviction must be reversed under State v. Gray, 654 So.2d 552 (Fla.1995). Moreover, as in Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995), review granted, 668 So.2d 604 (Fla.1996), and several similar cases,[2] we reject the state’s claim that this conviction may properly be reduced to a lesser included offense. We again certify to the Supreme Court the question of great public importance stated in Wilson, 660 So.2d at 1069.
II.
The trial court departed upward from the sentencing guidelines on the following basis:
2. The Court’s sentence departs from the guidelines because the evidence clearly establishes that the defendants chose the victim in this case because they correctly surmised that he was a tourist. The defendant’s confession establishes that when she and the codefendants decided to commit a robbery they drove a considerable distance to the area of Miami International Airport. Specifically, they drove to the expressway on the south side of the airport, which was closest to the rental companies where an out-of-town tourist would most likely go to rent an automobile. They forcibly stopped the victim’s rental car on the expressway and committed the crimes for which the defendant was convicted.
*1096 3. The victim’s status as a tourist made him particularly vulnerable to defendant’s crimes since his lack of familiarity with the area made his escape highly unlikely. Moreover, because he was a tourist it was a great hardship for him to return to Miami to appear for deposition and trial. The defendant and her codefendant specifically selected the victim in this case because they hoped that his vulnerability as a tourist would make the crime easier to commit and less likely to be successfully prosecuted.
4. The particular vulnerability of a victim can be a valid reason for departing from the sentencing guidelines. Carter v. State, 550 So.2d 1130 (Fla. 3d DCA 1989); Orange v. State, 535 So.2d 691 (Fla. 3d DCA 1988); Berry v. State, 511 So.2d 1075 (Fla. 1st DCA 1987). Particularly, when as in this case, the victim’s vulnerability is the actual reason why he was selected as a victim, a departure from the guidelines is warranted.
Whatever our own view may be, the guidelines departure imposed because of Walsh’s “particular vulnerability” in these circumstances does not pass muster under controlling decisions of the supreme court. E.g., Wemett v. State, 567 So.2d 882 (Fla.1990); Mathis v. State, 515 So.2d 214 (Fla.1987); Lerma v. State, 497 So.2d 736 (Fla.1986). This is essentially because Walsh’s situation as an out-of-towner driving a rental car at night on a Miami expressway was simply not significantly more (indeed, was probably less) dangerous than that of any other victim of an armed robbery, or, even more obviously, any other victim of a carjacking. As the Supreme Court said in Wemett:
[A] departure cannot be based on factors common to nearly all victims of similar crimes. Otherwise, the exception would swallow the rule. Previous decisions rendered by this Court, in a context similar to that presented here, support this position.
For example, in Williams [v. State ], the defendant was convicted of aggravated battery with a deadly weapon. We rejected as a ground for departure the fact that the “the defendant stabbed the victim while she was sleeping and therefore more vulnerable,” holding that vulnerability of the victim “alone is not a clear and convincing reason to depart.” 492 So.2d [1308] at 1309. We resolved analogous situations in similar fashion in Mathis v. State, 515 So.2d 214 (Fla.1987), and Lerma v. State, 497 So.2d 736 (Fla.1986), receded from on other grounds, State v. Rousseau, 509 So.2d 281, 284 (Fla.1987). In Mathis, we rejected a departure predicated on the fact that the victims of an armed robbery were female and working alone at night. We reasoned that “victims’ defenselessness is common to nearly any armed robbery,” and “gender of the victim, in and of itself, [is not] an appropriate reason for departure.” Mathis, 515 So.2d at 216. Likewise, in Lerma, the trial court departed from the guidelines in a sexual battery case on the grounds that “[t]he victim was an especially susceptible female,” being a “slight female, weighing approximately 108 lbs., while the defendant is a stocky, muscular male.” Lerma, 497 So.2d at 738. We rejected that as a reason for departure, holding that helplessness of a sexual battery victim cannot be a valid reason to depart because “unfortunately, the vast majority of victims of sexual battery are virtually helpless.” Id. at 739.
Some of the same concerns we had in Williams, Lerma, and Mathis also are present here. Just as almost any female armed-robbery victim could be considered defenseless to a bigger, stronger male, or almost every female sexual-battery victim can be considered helpless when attacked, almost every elderly person could be considered helpless and vulnerable to a younger, stronger assailant such as Wemett. Vulnerability is not a clear and convincing reason to depart from the guidelines when the victim’s helplessness is common to nearly all similar crimes. Were we to allow the departure here based solely on age-related vulnerability, virtually every defendant who assaults an elderly person or a child would qualify for a departure sentence regardless of the nature or severity of the offense. These crimes are reprehensible, but such a rule would defeat the purpose and spirit of the guidelines.
Wemett, 567 So.2d at 886-87.
The trial judge’s entirely correct conclusion that the victim was targeted because of *1097 the belief that an attack upon him would be especially easy to commit and to get away with similarly does not justify a departure. Presumably all robbers, burglars, and carjackers — indeed all criminals — choose their victims on the basis of whether their crimes are more, rather than less, likely to be successful. Thus, one walking alone on a dark street or working alone at a convenience store after midnight is more likely to be singled out than a member of a crowd at the Orange Bowl. But our courts have consistently held that these considerations are not enough to support a departure. E.g., Mathis, 515 So.2d at 214 (females working alone at night not “particularly vulnerable”). The facts of Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988) are close to ours. There the court rejected a vulnerability departure based on the fact that the victim was the sole employee of an all-night store. The court stated:
However, victim vulnerability is not a valid reason to depart when the victim’s helplessness is based on factors common to nearly all victims of armed robbery. Mathis v. State, 515 So.2d 214, 215 (Fla.1987); Burney v. State, 528 So.2d 795, 795 (Fla. 1st DCA 1988). In this case, as in Burney and Mathis, the victim’s vulnerability was due to the circumstances of his employment. We conclude that the victim’s vulnerability in this regard was a factor common to nearly all armed robbery victims employed by business establishments that remain open all night, and therefore does not constitute a valid departure reason in this case.
Williams, 531 So.2d at 218-19.
Surely neither the present victim nor those in his general class was or are more vulnerable than the sleeping victim in Williams v. State, 492 So.2d 1308 (Fla.1986), the elderly, alcohol-impaired victim in Johnson v. State, 517 So.2d 792 (Fla. 3d DCA 1988), the elderly, disabled lady in Grant v. State, 586 So.2d 438 (Fla. 1st DCA 1991), who was at home late at night in bed when the defendant shot into her house, or the 86 year-old frail, blind victim in Byrd v. State, 516 So.2d 107, 108 (Fla. 4th DCA 1987). In all of these cases, however, departures based on victim vulnerability[3] were reversed. We must do the same. We certify that this ease also involves a question of great public importance as to whether the particular vulnerability of a person in the victim’s position justifies a departure from the guidelines.
III.
The appellant’s convictions for armed robbery, armed burglary, carjacking with a firearm, and dealing in stolen property are affirmed, the attempted third degree felony murder conviction is vacated, and the cause is remanded for resentencing within the guidelines.
Affirmed in part, reversed in part, questions certified.

. The maximum permitted under the guidelines was seventeen years imprisonment. The court departed to impose concurrent sentences of life for armed burglary and for armed robbery, thirty years for carjacking with a firearm — all with a concurrent three-year firearm mandatory minimum — five years for attempted third degree murder, and fifteen years for dealing in stolen properly.

. See Gibson v. State, 667 So.2d 884 (Fla. 1st DCA 1996); Pratt v. State, 668 So.2d 1007 (Fla. 1st DCA 1996); Lee v. State, 664 So.2d 330 (Fla. 3d DCA 1995); Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995), cause dismissed, 665 So.2d 220 (Fla.1995), review granted, 668 So.2d 603 (Fla.1996).

. Because the trial judge did not base the departures on the status of the victim as a visitor, but rather because of his purported "vulnerability” under the circumstances, we do not directly consider whether a departure could be sustained on that ground. See generally State v. Baker, 483 So.2d 423 (Fla.1986); Steiner v. State, 469 So.2d 179, 182 n. 10 (Fla. 3d DCA 1985), review denied, 479 So.2d 118 (Fla. 1985).