HARDING, Justice.
We have for review Jones v. State, 669 So.2d 1094 (Fla. 3d DCA 1996), certifying questions on the following issues to be of great public importance:
WHEN A CONVICTION FOR ATTEMPTED THIRD DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 So.2d 552 (Fla.1995), DO LESSER IN *1281 CLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
and
WHETHER THE PARTICULAR VULNERABILITY OF A TOURIST WHO WAS IN UNFAMILIAR SURROUNDINGS, AS IN THIS CASE, JUSTIFIES A DEPARTURE FROM THE SENTENCING GUIDELINES.
Id. at 1095, 1097. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
After the victim (an Illinois businessman who had just arrived at Miami International Airport) rented a car, Jones and two co-perpetrators stopped his car at gunpoint on the expressway. They shot at him and stole his money and jewelry. Jones was convicted of attempted third-degree murder, armed burglary, armed robbery, carjacking with a firearm, and dealing in stolen property.
The guideline maximum for the convictions was seventeen years, but the judge departed and imposed concurrent sentences of life for armed burglary and for armed robbery, thirty years for carjacking with a firearm (all with a concurrent three-year minimum mandatory), five years for attempted third-degree murder, and fifteen years for dealing in stolen property. The trial judge departed “because the evidence clearly establishes that the defendants chose the victim in this case because they correctly surmised that he was a tourist.” Jones, 669 So.2d at 1095. Also, the court said it would be a great hardship for the victim to return to Miami to appear for deposition or trial.
On appeal, the district court vacated the attempted felony murder conviction, but certified the question to this Court as to whether retrial or reduction of the offense would be proper. As to the departure, the district court held that it did not satisfy the standards from this Court’s caselaw, citing as examples Wemett v. State, 567 So.2d 882 (Fla.1990), Mathis v. State, 515 So.2d 214 (Fla.1987), and Lerma v. State, 497 So.2d 736 (Fla.1986). The district court found that the victim’s status as an out-of-towner driving a rental car at night on a Miami expressway was “not significantly more (indeed, was probably less) dangerous than that of any other victim of an armed robbery, or, even more obviously, any other victim of a carjacking.” Jones, 669 So.2d at 1096. The court therefore reversed the departure but certified the second question as well.
We -answered the first question in State v. Wilson, 680 So.2d 411 (Fla.1996), by holding that where a conviction for attempted felony murder has been vacated on the basis of our opinion in Gray, the proper remedy is retrial on any lesser included offense which was instructed on at trial. Jones was initially charged with attempted first-degree murder, and the jury was instructed that the offense included the lessers of attempted second-degree murder, attempted third-degree murder, attempted manslaughter, and aggravated assault. Jones’ conviction of attempted third-degree murder means she was effectually acquitted of the attempted first- and second-degree murder charges. She may therefore be tried on the offenses instructed on at trial which were of a degree lesser than or equal to attempted third-degree murder: attempted manslaughter and aggravated assault. See Lee v. State, 685 So.2d 1275 (Fla.1996).
As to the second question, we agree with the district court and hold that the “vulnerability” of a tourist such as in the instant case is not sufficient to justify departure from the sentencing guidelines. In Wemett, this Court reasoned that “[t]he exception of upward departure is intended to apply when extraordinary circumstances exist to ‘reasonably justify aggravating ... the sentence.’ ” Wemett, 567 So.2d at 886. Therefore, we held that “departure cannot be based on factors common to nearly all victims of similar crimes. Otherwise, the exception would swallow the rule.” Wemett, 567 So.2d at 886. The Court concluded that vulnerability alone is not a clear and convincing reason to depart, relying in part on our decision in Mathis. Wemett, 567 So.2d at 886.
In Mathis, we reviewed a departure sentence where the defendant had been convict *1282 ed of robbery-related crimes. In considering and rejecting the reasons given for departure, we wrote that the fact that the victims there were “female and working alone at night is invalid because the victims’ defenselessness is common to nearly any armed robbery.” Mathis, 515 So.2d at 216.
Mathis and Wemett are on point here. There is nothing about the victim in the instant case which distinguishes him from most other victims of crimes such as those committed here: armed burglary, armed robbery, carjacking with a firearm, and dealing in stolen property. He was stopped on an expressway. The fact that he was unfamiliar with the area had no impact on the circumstances of this case. Likewise, the fact that he may have been carrying more money because he was a tourist is'not persuasive: most victims of robbery are targeted because they are perceived to have money-
We note that the legislature specifically contemplated tourists when enacting Florida’s carjacking statute, section 812.133, Florida Statutes (1995). The prefatory language to the session law enacting that statute contains the following language as a reason for the statute’s creation: “[T]he Florida Legislature is determined to protect Florida’s residents and visitors from harm, and punish those who would injure or abuse any resident or visitor....” Ch. 93-212, at 2122, Laws of Fla. (emphasis added). It is clear that the legislature sought to protect residents and tourists alike when it established the crime of carjacking and the corresponding punishment. Thus, to allow departure because the victim is a tourist would be inappropriate.
For the reasons expressed, we answer the questions as discussed above, approve the decision below in part and quash the decision below in part, and remand for proceedings consistent with this opinion and our opinion in Wilson.
It is so ordered.
OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.