# Third District Court of Appeal

**State of Florida**

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D15-47
Lower Tribunal No. 86-35031

————————

**Charles E. Carter,**
Petitioner,

vs.

**The State of Florida,**
Repondent.


A Petition for Writ of Habeas Corpus from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Charles E. Carter, in proper person.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for respondent.


Before ROTHENBERG, SALTER and SCALES, JJ.

PER CURIAM.

On May 27, 2015, this Court issued an opinion denying Charles E. Carter's petition for writ of certiorari and motion to correct an illegal sentence. Our opinion contained an order to show cause why Carter should not be prohibited from filing with this Court any further pro se appeals, petitions, motions, or other proceedings related to his criminal sentence in circuit court case number 86-35031.

Carter, in his response to the order to show cause, argues that his 1987 upward departure sentence was unlawful because the sentence was based, in part, on "victim vulnerability." Mathis v. State, 515 So. 2d 214, 215 (Fla. 1987) ("The third reason [for departure from the guidelines], that the victims were female and working alone at night, is invalid because the victims' defenselessness is common to nearly any armed robbery. Nor is the gender of the victim, in and of itself, an appropriate reason for departure.").

First, Carter was re-sentenced *de novo* in 2000, mooting this argument. Second, and this bears noting given the heinous nature of Carter's crime, there is a jarring difference between the victim vulnerability holding in Mathis and that of this Court's opinion in Carter's appeal of his sentence. Carter v. State, 550 So. 2d 1130, 1131 (Fla. 3d DCA 1989) ("We explicitly hold that a trial court may depart from the sentencing guidelines with a finding that an injury inflicted by the defendant rendered the victim particularly vulnerable to subsequent injuries suffered at the hands of the defendant during the criminal episode.").

Accordingly, we conclude that Carter has not shown good cause to justify further pro se filings of appeals, petitions, motions, and other proceedings with this Court.

We must balance Carter's pro se right of access to courts with this Court's need to devote finite resources to legitimate appeals, recognizing the seriousness of the sanction when the litigant is a criminal defendant. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). After an order to show cause and an opportunity to respond, a court may prevent such further filings. Id.

It is hereby ordered that the Clerk of the Court of the Third District Court of Appeal shall refuse further pro se filings related to case number 86-35031; provided, however, that filings related to case number 86-35031 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any further and unauthorized pro se filings by Carter will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.