547 So.2d 1294 (1989)
STATE of Florida, Appellant,
v.
Mark James ANGEL, Appellee.
No. 88-1545.
District Court of Appeal of Florida, Fifth District.
August 31, 1989.
*1295 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Franklin Kelley, Titusville, for appellee.
SHARP, Judge.
The state appeals from an order of the trial court which granted Angel's motion to suppress evidence (cocaine and cannabis) seized by law enforcement officers. The trial court suppressed the evidence because it concluded there was no founded suspicion or probable cause for stopping Angel's vehicle, which led to the discovery and seizure of the contraband, primarily because only information provided by a confidential informant which dealt with legal activities or events were corroborated by the police prior to the stop. We reverse.
The record reveals that a confidential informant contacted Jim Perry of Brevard TASC on October 6, 1987. Perry had known the informant for three to four years, but had never personally worked with him. The informant told Perry that Angel and his brother were trafficking in large amounts of cocaine between Florida and New York.
The informant gave Perry Angel's address in Cocoa. Within twenty-four hours he supplied a new address to which Angel had moved. He also provided Perry with the color and license plate numbers of two vehicles at Angel's residence, and he described the cocaine distribution scheme Angel was following. The scheme was basically that Angel would drive his vehicle to Orlando Airport, take a plane to New York, and stay with a brother (Timmy), and then return to Florida after the cocaine was distributed in New York. The information was based on the informant's personal observation, and his report of conversations he had witnessed. The informant had seen Angel package cocaine in Angel's residence, and he overheard Angel and another brother (Chuck) discuss the distribution scheme.
Two days later, the informant advised Perry that Angel was leaving that evening on a trip. Law enforcement officers set up surveillance at Angel's residence. As far as possible, the information provided by the informant was verified. It was not possible to verify whether Angel had an airline ticket because it was not known when he would be leaving, or if he was using an alias. That same evening, an agent approached Angel and his wife, while they were outside their residence cleaning Angel's vehicle. The agent saw a suitcase, and was informed by Angel that Angel was leaving town for a few days.
The next morning at approximately 7:00 a.m., Angel and his wife headed out-of-town, going west on the BeeLine Expressway toward Orlando, and the airport. Law enforcement officers followed and stopped Angel at the county line. The officers told Angel they had received information that he was transporting cocaine to New York. Angel readily admitted he had done so in the past, but maintained he was clean at that time.
The officers advised Angel he could refuse them permission to search his vehicle. However, Angel acquiesced, saying he had nothing to hide, and he signed a consent form agreeing to a search of the vehicle. There is also oral testimony by two police officers indicating Angel agreed to a search of his person. Inadvertently, the agent preparing the consent form failed to specify consent to personal search in the written form. Angel did not dispute he had orally consented to a personal search.
*1296 When the officers searched Angel they found cocaine strapped to his ankle. They then placed Angel under arrest. Both Angel and his wife consented to a search of their residence where marijuana, paraphernalia and packing supplies were found. These items were all specified in the suppression order.
In granting the motion to suppress, the trial court apparently believed that corroboration of information from a confidential informant must relate to illegal activities. Because the corroboration here was related to legal activities, the trial court found the corroboration to be insufficient to support probable cause to search Angel. We disagree.
First, it should be noted that corroboration of legal activities, alone, is sufficient to support probable cause. See State v. Diaz, 474 So.2d 903 (Fla. 5th DCA 1985) (information supplied by a known reliable informant coupled with corroboration by personal observation, predictive of future acts, is sufficient to support probable cause). However, in the case at bar, a determination of probable cause is not necessary because the corroborated information was sufficient, de minimis, to justify a reasonable suspicion of illegal activity and detention under the Stop and Frisk Law. § 901.151, Fla. Stat. (1987);[1]Tippins v. State, 454 So.2d 630 (Fla. 5th DCA 1984).
Once Angel's vehicle was legally stopped, he consented to a search of both himself and his vehicle.[2] When consent to search is given, probable cause is unnecessary. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The record does not contain any evidence that this consent was anything but freely and voluntarily given. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). As such the evidence was properly obtained and the motion to suppress was erroneously granted.
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Subsection 2 provides:

Whenever any law enforcement officer ... encounters any person under circumstances which reasonably indicate that such person ... is about to commit a violation of the criminal laws of this state, ... he may temporarily detain such person for the purpose of ascertaining ... the circumstances surrounding his presence abroad which led the officer to believe that he ... was about to commit a criminal offense. (emphasis added)
[2] Since there was no antecedent invalid police conduct, Angel's consent need only be established by a preponderance of evidence. Denehy v. State, 400 So.2d 1216, 1217 (Fla. 1980); Tennyson v. State, 469 So.2d 133 (Fla. 5th DCA 1985). The only evidence submitted on this point was by law enforcement officers as Angel apparently elected not to testify.