641 So.2d 179 (1994)
Cornelius D. PAIGE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2997.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
*180 James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Belle B. Turner, Asst. Atty. Gen., and Anthony J. Hall, Certified Legal Intern, Daytona Beach, for appellee.
W. SHARP, Judge.
Paige appeals from a judgment and sentence for possession of cocaine with intent to sell within two hundred feet of a public housing facility.[1] After his motion to suppress evidence of the cocaine found in his pants leg by a police officer was denied, Paige pled no contest to the charge, specifically reserving his right to appeal.
We think the evidence adduced below at the suppression hearing adequately supports the trial court's ruling that the search of Paige's person was made during a consensual encounter with police officers and the search was conducted with Paige's consent. Paige's Fourth Amendment rights were not violated and probable cause to think Paige was engaged in criminal activity was not necessary. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Davis v. State, 594 So.2d 264 (Fla. 1992); State v. Angel, 547 So.2d 1294 (Fla. 5th DCA 1989).
After this judgment was entered, the Florida Supreme Court ruled that section 893.13(1)(i) is unconstitutional because the phrase "public housing facility" is vague and does not give adequate notice as to what conduct is prohibited. Brown v. State, 629 So.2d 841 (Fla. 1994). However, Paige's conviction of a lesser included offense, section 893.13(1)(a)(1) (possession of cocaine with intent to sell) can be sustained pursuant to section 924.34. That statute provides:
924.34. When evidence sustains only conviction of lesser offense
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall *181 reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
This section applies to offenses divisible into degrees or to necessarily included lesser offenses. Gould v. State, 577 So.2d 1302 (Fla. 1991); N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991); Shaara v. State, 581 So.2d 1339 (Fla. 1st DCA 1991). To be a necessarily included lesser offense, all of the elements of the lesser offense must be included in the charged offense so that the burden of proof as to the charged crime cannot be discharged without proving the lesser offense. Gould; Brown v. State, 206 So.2d 377 (Fla. 1968); Shaara.
Although by its language section 924.34 applies to cases in which "the evidence does not prove the offense for which the defendant was found guilty," the statute has also been applied to cases in which convictions had to be set aside because they were based on statutes later determined to be unconstitutional. See, e.g., Golden v. State, 578 So.2d 480 (Fla. 2d DCA 1991) (defendant's conviction for keeping a house of "ill fame" reversed after Florida Supreme Court overturned the ill-fame statute as unconstitutionally vague; however, evidence was sufficient to establish the defendant's guilt for keeping a house of prostitution and so trial court was directed to enter judgment for this lesser included offense and to resentence the defendant); Long v. State, 578 So.2d 288 (Fla. 2d DCA 1991) (same); Wolfe v. State, 576 So.2d 915 (Fla. 2d DCA 1991) (same). The courts have also remanded for an adjudication of guilt on the lesser offense in such situations without reference to section 924.34. See Franklin v. State, 257 So.2d 21 (Fla. 1971) (crimes against nature statute found to be unconstitutionally vague; defendant's conviction for a crime against nature reversed and the cause remanded with directions to enter a judgment of guilt for the lesser included offense of committing an unnatural act); Robitaille v. State, 266 So.2d 675 (Fla. 1st DCA 1972) (since crimes against nature statute was found to be unconstitutional, the defendant's conviction was reversed and the cause remanded with directions to enter judgment against him for the lesser offense of committing an unnatural act); Morris v. State, 261 So.2d 563 (Fla. 2d DCA 1972) (same).
In the present case, Paige was convicted of violating section 893.13(1)(i), Florida Statutes (1991) which provides as follows:
(i) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance in, on or within 200 feet of the real property comprising a public housing facility, within 200 feet of the real property comprising a public or private college, university, or other postsecondary educational institution, or within 200 feet of any public park. Any person who violates this paragraph with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084....
Section 893.13(1)(a)1. provides as follows:
Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) is guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Under section 893.13(1)(a)1, the state had the burden of proving that Paige possessed cocaine with the intent to sell within two hundred feet of a public housing facility. In establishing this offense, the state necessarily must have proved that Paige possessed cocaine with intent to sell it under section 893.13(1)(a). Thus possession with intent to sell under 893.13(1)(a) is a necessarily included lesser offense of possession with intent to sell within two hundred feet of a public housing facility. See Ruiz v. State, 488 So.2d 895 (Fla. 1st DCA 1986) (simple possession of *182 cocaine was a necessarily included lesser offense of possession of cocaine within a prison).
Accordingly, we remand this cause with directions to enter a judgment of guilt as to section 893.13(1)(a)(1), Florida Statutes, and to resentence Paige accordingly.
REVERSED and REMANDED with directions to enter a new judgment and to resentence.
GOSHORN, J., concurs.
THOMPSON, J., concurs specially in result only without opinion.
NOTES
[1] § 893.13(1)(i)(1), Fla. Stat. (1991).