644 So.2d 338 (1994)
Bobby Allen CREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1874.
District Court of Appeal of Florida, First District.
October 28, 1994.
Mark H. Mahon of Mahon & Mahon, P.A., Jacksonville, for appellant.
*339 Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant, Bobby Allen Crews, was convicted of multiple counts of sexual battery, burglary, and other felony offenses. On appeal, Crews argued that the trial court erroneously admitted DNA evidence. We issued a per curiam affirmance rejecting this and other arguments, whereupon Crews filed the instant motion for rehearing. In his motion, Crews cites Vargas v. State, 640 So.2d 1139 (Fla. 1st DCA 1994), claiming that his appeal raised the "identical" issue treated in Vargas and that the decision in Vargas is in conflict with the per curiam affirmance issued in his case. We conclude that the decision in Vargas is factually and legally distinguishable from the instant case and we deny the motion for rehearing.
Vargas involved the denial of a motion in limine to prohibit the admission of DNA profile evidence. The argument centered on the admissibility of "population frequencies"  the final step of DNA analysis  in which population data bases are used to determine the probability of someone other than the defendant possessing a "genetic fingerprint" that matches the crime scene sample. Vargas contended that the data base used to calculate population frequency in his case failed to take into account possible "substructures" within ethnic groups in which certain genetic alleles would occur more frequently. This shortcoming, according to Vargas, rendered the data base, and by extension the probability computation, generally unacceptable in the scientific community as reliable for use at criminal trials.[1]
Vargas presented an "extensive challenge below to the data bases ..., putting on expert testimony and proffering extensive documentation... ." Vargas, 640 So.2d at 1143. This court evaluated this evidence de novo, in conjunction with a thorough review of DNA-related opinions from jurisdictions across the country. We rejected the trial court's ruling that the dispute over the probability calculation went to the weight rather than the admissibility of the evidence, and concluded that the method used to calculate population frequencies in Vargas was not generally accepted in the scientific community.
In the instant case, Crews' challenge to the introduction of DNA evidence was presented by means of a motion in limine asserting that DNA testing was not generally accepted in the relevant scientific community. Crews presented no additional argument at trial, merely adopting by reference the arguments Vargas had advanced unsuccessfully at his own Clay County trial and which, at that time, were pending review in this court.
Although he adopted Vargas' arguments, Crews neglected to demonstrate that the specific circumstances of his case were similar to those presented in Vargas. Vargas did not argue in the abstract that ethnic substructures within data bases might produce incriminating and misleading population frequencies. Rather, he identified himself as a person of Puerto Rican descent and based his challenge on the alleged paucity of Puerto Rican genetic samples in the FBI's Hispanic population data base. In response to this argument, we did not hold that DNA test results were per se inadmissible, but only that there was a lack of general acceptance for using the FBI's Hispanic data base. Crews is Caucasian, and he has not suggested a substructure problem within the Caucasian data base, nor has he identified himself as belonging to any particular ethnic substructure. In short, Crews is not helped by our holding in Vargas.
Accordingly, the motion for rehearing is DENIED.
JOANOS, MINER and KAHN, JJ., concur.
NOTES
[1] See Frye v. United States, 293 F. 1013 (D.C. Cir.1923). Frye states that expert scientific opinion must be based on techniques that have been "generally accepted" and found to be reliable by the relevant community in order to be admissible. Frye is the test for the admissibility of scientific opinion in Florida. Flanagan v. State, 625 So.2d 827 (Fla. 1993).