PER CURIAM.
Eric Lee Harris (Appellant) was charged by information with the sale of a controlled substance (cocaine) within 200 feet of a public housing facility (Count I), in violation of section 893.13(l)(i), Florida Statutes; and with possession of cocaine (Count II), in violation *924 of section 893.13(l)(f), Florida Statutes. He filed a motion to dismiss information alleging, inter alia, the unconstitutional vagueness of subsection (l)(i) for failure to define “public housing facility.” The motion was denied. In a subsequent plea of nolo contendere, Appellant expressly reserved the right to appeal denial of the motion to dismiss. He was adjudicated guilty as charged and received concurrent sentences of 5½ years for the two offenses.
In accordance with the recent pronouncement in Brown v. State, 629 So.2d 841, 842 n. 1 (Fla.1994), that the “public housing facility” provision in section 893.13(l)(i), Florida Statutes, is unconstitutionally void for vagueness, we reverse the plea, conviction, and sentence as to Count I and remand with directions for the trial court to enter a conviction for the lesser-included offense of sale of cocaine. § 924.34, Fla.Stat.; Paige v. State, 641 So.2d 179 (Fla. 5th DCA 1994). We do not disturb the judgment and sentence for possession of cocaine.
AFFIRMED in part, REVERSED and REMANDED in part, with directions.
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.