656 So.2d 457 (1995)
STATE of Florida, Petitioner,
v.
Harold Leonard GRINAGE, Respondent.
No. 84318.
Supreme Court of Florida.
May 18, 1995.
Robert A. Butterworth, Atty. Gen. and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for respondent.
SHAW, Justice.
We have for review the following questions certified to be of great public importance:
1. IS SECTION 782.04(1)(a)2 A PROPER VEHICLE FOR FILING A CHARGE OF ATTEMPTED MURDER OF A POLICE OFFICER ENGAGED IN THE LAWFUL PERFORMANCE OF HIS DUTY?
2. IF SO, CAN THE PROOF OF A NECESSARY ELEMENT OF THE UNDERLYING QUALIFYING FELONY ALSO CONSTITUTE THE OVERT ACT NECESSARY TO PROVE THE ATTEMPTED (FELONY) MURDER OF A LAW ENFORCEMENT OFFICER ENGAGED IN THE LAWFUL PERFORMANCE OF HIS DUTY?
3. IF SECTION 782.04(1)(a)2 IS AN APPROPRIATE VEHICLE FOR THE CHARGE AND IF AN ESSENTIAL ELEMENT CAN ALSO SERVE AS THE NECESSARY OVERT ACT, ARE ALLEGATIONS IN THE INFORMATION WHICH MERELY ALLEGE THE OFFENSE OF AGGRAVATED ASSAULT OF A POLICE OFFICER ENGAGED IN THE LAWFUL PERFORMANCE OF HIS DUTIES, WHICH ASSAULT TOOK PLACE DURING AN ATTEMPTED ROBBERY, SUFFICIENT TO SUSTAIN A CONVICTION FOR FIRST-DEGREE FELONY MURDER?
Grinage v. State, 641 So.2d 1362, 1367 (Fla. 5th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The defendant, Harold L. Grinage, was found guilty of attempted first-degree felony murder of a law enforcement officer and attempted robbery with a deadly weapon. The facts, as determined by the district court, are:
Deputy Boaz, the State's primary witness, testified that he had arranged to *458 make an undercover purchase of cocaine from Grinage in a shopping center parking lot. Boaz said he was sitting alone in his car when Grinage got into the car from the passenger side. Grinage asked to see the money, and Boaz complied. Grinage, instead of producing any cocaine, suddenly pulled a knife and Boaz was "stabbed" in the hand "when I caught the knife the first time." Boaz suffered a hand would [sic] before Grinage was subdued by the backup team.
Grinage, who admitted the attempted armed robbery, maintained that he had never tried to kill Boaz. He claimed that he pulled the knife out to scare Boaz into giving him the cash, but stated that he never held the knife to Boaz's throat or thrust it towards his chest. It seems clear that Grinage did not know Boaz was a policeman.
Grinage moved for a judgment of acquittal and, although the trial judge observed that, "The physical evidence, such as it was, more closely matched [Grinage's] version of the events," she concluded the evidence was adequate to go to the jury. And even though substantial evidence impeaching Boaz' credibility, including testimony from his own supervisor, was offered, the jury convicted.
Grinage, 641 So.2d at 1363. The district court reversed the attempted felony murder charge, affirmed the attempted robbery conviction, and certified the above questions.
The core issue is whether the crime of attempted felony murder, a crime first pronounced in Amlotte v. State, 456 So.2d 448 (Fla. 1984), exists under Florida law. In light of recent case law, this question must be answered in the negative. This Court now recognizes that the "legal fictions required to support the intent for felony murder are simply too great." State v. Gray, 654 So.2d 552, 554 (Fla. 1995). To this extent, we have now receded from Amlotte. Id. In sum, the State of Florida no longer recognizes the crime of attempted felony murder. This finding is applicable to all cases pending on direct review or not yet final at the time of the Gray opinion. Id. at 554.
Turning to the instant case, we find the district court's decision to be in accord with Gray. We accordingly approve the district court's reversal of Grinage's attempted felony murder conviction.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.