660 So.2d 1067 (1995)
Eduards WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2621.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Order Denying Rehearing and Granting Certification October 5, 1995.
*1068 Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GREEN, JJ.
PER CURIAM.
As to appellant's first contention on appeal, we reverse and vacate his conviction and sentence for attempted felony murder based upon the Supreme Court's most recent pronouncement in State v. Gray, 654 So.2d 552 (Fla. 1995) that attempted felony murder is no longer a criminal offense in the State of Florida. This decision is applicable to all cases pending on direct review or not yet final. Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992); Fink v. Holt, 609 So.2d 1333 (Fla. 4th DCA 1992). The State nevertheless argues that Gray does not affect potential lesser included offenses of attempted felony murder and that pursuant to section 924.34, Florida Statutes (1993),[1] this court should reduce appellant's conviction to an appropriate lesser included offense for which there was sufficient evidence. We disagree and find that the State's reliance upon section 942.34 is misplaced. In accordance with Gray, appellant's conviction for attempted felony murder is not being vacated due to insufficiency of evidence so as to invoke section 924.34. Moreover, the notion that lesser included offenses can somehow exist for a nonexistent crime simply defies logic. Thus, the trial court is instructed to reverse and vacate appellant's conviction and sentence for attempted felony murder. See Gray; State v. Grinage, 656 So.2d 457 (Fla. 1995), receded from Amlotte v. State, 456 So.2d 448 (Fla. 1984).
As to appellant's remaining argument on appeal, we agree that the trial court erred when it sentenced him to twenty-seven years in state prison where he was convicted of attempted robbery, a second degree felony. The maximum penalty for a second degree felony is fifteen years in state prison. See section 775.082(3)(c) Florida Statutes (Supp. 1994). We, therefore, reverse and remand for a new sentencing hearing on this count.
Reversed and remanded with instructions.

ON MOTION FOR REHEARING AND CERTIFICATION
The State moves for rehearing or certification, arguing that on remand there should either be a new trial on lesser included offenses or that the defendant's conviction for attempted first degree felony murder should be reduced to a lesser included offense. We cannot agree. We interpret the Florida Supreme Court's decision in State v. Gray, 654 So.2d 552 (Fla. 1995), to require an outright reversal, rather than a reduction to a lesser included offense or a new trial on lesser included offenses. Moreover, we see *1069 no principled basis for such a reduction because, as a matter of law, there can be no lesser included offenses under a non-existent offense such as attempted first degree felony murder. We recognize, however, that this issue will arise in most, if not all, cases governed by State v. Gray. Accordingly, we certify that we have passed on the following question of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 So.2d 552 (Fla. 1995). DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
The motion for rehearing is denied.
NOTES
[1] That statute provides that:

... when the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.