665 So.2d 303 (1995)
Donnie UPSHAW, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 95-00077.
District Court of Appeal of Florida, Second District.
December 13, 1995.
James Marion Moorman, Public Defender, and Julia Diaz, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges only his convictions on two counts of attempted first degree felony murder on the grounds that Florida no longer recognizes attempted felony murder as a crime. State v. Grinage, 656 So.2d 457 (Fla. 1995). Appellant pled no contest to two counts of attempted first degree murder with a firearm and one count of robbery with a firearm. The court adjudicated appellant guilty and sentenced him to fifteen years on each count. All three counts were to run concurrently with credit for time served. The court also imposed a three-year minimum mandatory. The scoresheet maximum sentence was eighteen years. The state concedes error. Given the fact that Grinage was made applicable to all cases pending on direct review or not yet final at the time of State v. Gray, 654 So.2d 552 (Fla. 1995), and this case was not yet final at the time of Gray, we, too, agree that Grinage applies and conclude that appellant's two convictions for attempted first degree felony murder should be vacated. As observed in Brown v. State, 550 So.2d 142 (Fla. 1st DCA 1989), a defendant's conviction for a nonexistent offense *304 is reversible fundamental error that need not have been preserved for appeal.
Since the nolo plea was entered on a material mistake of law, it was invalid, and no legal sentence could be imposed. Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). Accordingly, we set aside the plea, judgment and sentence on the two counts of attempted first degree felony murder. On remand, the state may file an amended information as to those two counts in order to charge a valid offense. The robbery with a firearm conviction is remanded for resentencing inasmuch as the sentence imposed was part of the plea agreement along with the two invalid charges.
As to the second issue, we agree with the state that the court did not err in assessing the $800 attorney fee because the state has not sought enforcement of the fee. See Valdez v. State, 632 So.2d 654 (Fla. 4th DCA 1994).
Accordingly, we reverse the attempted first degree felony murder convictions, set aside the plea and remand the robbery with a firearm conviction for resentencing.
BLUE and WHATLEY, JJ., concur.