668 So.2d 1007 (1996)
Arnold Leon PRATT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-1432.
District Court of Appeal of Florida, First District.
January 31, 1996.
Rehearing Denied March 18, 1996.
Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Arnold L. Pratt, Jr., the appellant, challenges his conviction for attempted third-degree (felony) murder. We reverse this conviction on the authority of State v. Gray, 654 So.2d 552, 553-54 (Fla.1995), which holds that attempted felony murder is no longer a criminal offense in Florida. State v. Grinage, 656 So.2d 457 (Fla.1995); Selway v. State, 660 So.2d 1176 (Fla. 5th DCA 1995); Williams v. State, 657 So.2d 80 (Fla. 1st DCA 1995) (reversing conviction pursuant to Gray and remanding for "further proceedings"). We remand the case for further proceedings consistent with Gray. Because the Florida Supreme Court in Gray and Grinage did not address specifically the nature and scope of options available to the trial court and to the state upon remand, we certify two questions as being of great public importance.
The appellant was charged with attempted second-degree murder with a weapon upon a law enforcement officer pursuant to sections 782.04(2), 784.07(3), 775.0825, and 777.04(1), Florida Statutes (1991). The record demonstrates unequivocally that the charge arose from a violent, dangerous, and potentially deadly incident perpetrated by the appellant. The state adduced the following evidence.
In September 1987, after being tipped off that a car theft would occur, law enforcement authorities secretly observed the appellant's brother unlawfully breaking into a Porsche in Fort Walton Beach. After driving his brother to the neighborhood where the crime occurred, the appellant had waited nearby in a pickup truck and served as a lookout. As the *1008 officers surrounded and tried to arrest his brother, the appellant rounded the corner, accelerated the engine, and aimed the truck in the direction of the officers. The appellant entered the driveway where the Porsche was parked and struck Okaloosa County Deputy Sheriff Joe Nelson in the shoulder and nearly hit two other officers. Deputy Nelson was thrown aside into a parked vehicle and was injured by the impact of the accelerating truck.
The appellant's brother was pinned underneath the pickup truck and was dragged to the end of the street, where the authorities had established a roadblock. The brother sustained serious injuries. The testimony of the numerous officers who were present at the time of the offense is consistent with this rendition of events. The appellant admitted driving in the direction of the officers, but he claimed that he merely wanted to assist his brother who, the appellant hoped, would jump aboard the moving truck without injury to anyone.
The state concedes that Gray requires a reversal of the conviction for attempted felony murder, but the parties disagree as to the appropriate procedure to follow after reversal. The appellant contends that the proper remedy is 1) to dismiss the cause for all time or, alternatively, 2) to remand for resentencing with instructions to enter judgment for aggravated battery, which is a Category 2 permissively included lesser offense of the charged offense.
On the other hand, the state argues that we should direct the trial court to enter judgment for attempted manslaughter, which is a Category 1 necessarily included lesser offense of the charged crime. Holland v. State, 634 So.2d 813, 816 (Fla. 1st DCA 1994) (because attempted second-degree murder and attempted manslaughter are necessarily included lesser offenses of the charged offense of attempted first-degree murder, it was error not to give appropriate instructions). In support of its position, the state relies on section 924.34, Florida Statutes (1991):
924.34 When evidence sustains only conviction of lesser offense,When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
Like our sister court in Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995), we conclude that the appellant's conviction "is not being vacated due to insufficiency of evidence" as specified literally in section 924.34. Id., 660 So.2d at 1068. Thus, we agree with the Third District Court that, under these circumstances, the provisions of section 924.34 were not triggered. See id. We note that the Florida Supreme Court did not specify in Gray whether section 924.34 applies to cases like Wilson or the case at bar.
We acknowledge that, contrary to the literal wording of section 924.34, some appellate courts (including our own) have applied this statute also "to cases in which convictions had to be set aside because they were based on statutes later determined to be unconstitutional." Paige v. State, 641 So.2d 179, 181 (Fla. 5th DCA 1994); Harris v. State, 649 So.2d 923 (Fla. 1st DCA 1995); Golden v. State, 578 So.2d 480 (Fla. 2d DCA 1991). In Paige, the defendant was convicted of possession of cocaine with intent to sell within 200 feet of a public housing facility. Subsequently, the Florida Supreme Court in Brown v. State, 629 So.2d 841 (Fla.1994), held the applicable statute unconstitutional because the statutory phrase "public housing facility" is vague and does not afford adequate notice as to what conduct is prohibited. Relying on section 924.34, the Fifth District Court determined that a conviction of a lesser-included offense (possession of cocaine) could be sustained, and it reversed Paige's conviction and remanded with directions to enter a new judgment accordingly. 641 So.2d at 180 & 182. In the analogous Harris case, we reversed the conviction of sale of cocaine within 200 feet of a public housing facility and cited section 924.34 in support of our instruction to enter judgment for the *1009 necessarily included lesser offense of sale of cocaine. 649 So.2d at 924; Gould v. State, 577 So.2d 1302, 1305 n. 7 (Fla.1991) (§ 924.34 is applicable only to necessarily lesser-included offenses); Shaara v. State, 581 So.2d 1339 (Fla. 1st DCA 1991).
Reliance on section 924.34 is logical and proper in those instances like Harris and Paige, where the defendant is convicted of the charged offense based on sufficient evidentiary grounds. Where the statute underlying the major offense is declared unconstitutional, then a reversal of that conviction and an adjudication of guilt of a necessarily included lesser offense of the charged and convicted crime are appropriate because the jury has determined that an evidentiary basis exists for the lesser offense.
In the case at bar, however, the appellant was charged with an "intent" crime, attempted second-degree (depraved mind) murder. The trial court gave appropriate instructions as to the charged and lesser-included offenses, and the verdict gave the jury the opportunity to find the appellant guilty of the charged offense; guilty of a lesser-included offense (attempted third-degree murder, attempted manslaughter, aggravated battery, aggravated assault, or battery); or not guilty. The jury convicted him of the Category 2 permissively included lesser offense of attempted third-degree (felony) murder, which does not include an intent element. A recent commentary explained, "Under the felony murder rule, state of mind is immaterial, since the malice aforethought is supplied by the felony as a constructive malice device." J. Rafael Rodriguez, "Attempted Felony MurderAn Improbable Legal Fiction Meets Its Demise," 69 Fla.B.J. 63 (Oct. 1995). According to Gray, the convicted offense is no longer a crime in Florida, and we note that attempted third-degree (felony) murder has no necessarily included lesser offense.
If the jury had convicted the appellant as charged, the law would have required the jury to find intent on the appellant's part. Instead, in convicting him of a lesser-included crime that does not contain the element of intent, the jury obviously did not have to find intent. Were we to adopt the state's position and direct entry of judgment for attempted manslaughter (an intent crime) pursuant to section 924.34, we necessarily would be acting as the fact-finder and would have to assume the presence of the requisite intent. Such a result would encroach impermissibly upon the province of the jury. We conclude that the appellant would be effectively denied his constitutional right to trial by a jury if we, sitting in an appellate capacity, were to presume a finding of intent that the jury itself did not have to make.
On the other hand, we are unconvinced by the appellant's argument that Gray mandates an outright dismissal of charges for all time. Specifically, the instant case is not one of insufficient evidence.
Gray did not address what options the trial court and the state may have after the reversal of a conviction for a nonexistent crime. We foresee that uncertainty in this area of the law is likely to persist until the Florida Supreme Court makes a definitive ruling on this question. See, e.g., Alfonso v. State, 661 So.2d 308 (Fla. 3d DCA 1995) (on mot. for reh'g & certif.) (reversing conviction for attempted first-degree felony murder); Wilson, supra, 660 So.2d at 1068, 1069 (on mot. for reh'g & certif.). In the interest of seeking a declaration as to what further proceedings are permitted pursuant to Gray on remand, we certify the following as questions of great public importance:
WHEN A DEFENDANT IS CHARGED WITH ATTEMPTED SECOND-DEGREE (DEPRAVED MIND) MURDER AND IS CONVICTED BY A JURY OF THE CATEGORY 2 LESSER-INCLUDED OFFENSE OF ATTEMPTED THIRD-DEGREE (FELONY) MURDER, DO STATE v. GRAY, 654 SO.2D 552 (FLA.1995), AND SECTION 924.34, FLORIDA STATUTES (1991), REQUIRE OR PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION, TO ENTER JUDGMENT FOR ATTEMPTED VOLUNTARY MANSLAUGHTER, A CATEGORY 1 NECESSARILY INCLUDED LESSER OFFENSE OF THE CRIME CHARGED? IF THE ANSWER IS NO, THEN DO LESSER-INCLUDED OFFENSES OF *1010 THE CHARGED OFFENSE REMAIN VIABLE FOR A NEW TRIAL?
The appellant's conviction is REVERSED and the case is REMANDED for further proceedings in accordance with Gray.
BOOTH and MINER, JJ., concur.