667 So.2d 884 (1996)
Michael GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3311.
District Court of Appeal of Florida, First District.
February 6, 1996.
Nancy A. Daniels, Public Defender; Steven A. Been, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Michael E. Gibson, the appellant, was charged in an eight-count information with armed burglary of a dwelling (Count I), armed kidnapping (II), attempted first-degree felony murder (III), armed robbery (IV), and sexual battery with a deadly weapon (V through VIII). The jury found him not guilty of armed kidnapping and guilty as charged in Count I and Counts III through VIII. We affirm the judgment and sentence as to Count I and Counts IV through VIII. We reverse the conviction in Count III and remand with directions to dismiss that count and to conduct any further proceedings authorized pursuant to State v. Gray, 654 So.2d 552, 554 (Fla.1995), and State v. Grinage, 656 *885 So.2d 457, 458 (Fla.1995), in which the Florida Supreme Court held that attempted felony murder is no longer a crime in Florida. Perea v. State, 657 So.2d 8, 9 (Fla. 3d DCA) (supplemental opinion in light of Gray, on state's motion for rehearing), rev. den., 663 So.2d 632 (Fla.1995). As to the matter of attempted first-degree felony murder and the available options, if any, upon remand, we certify the same question of great public importance raised in Alfonso v. State, 661 So.2d 308, 309 (Fla. 3d DCA) (on motion for rehearing and certification), cause dism., 665 So.2d 220 (Fla.1995).
In affirming the convictions in Count I and Counts IV through VIII, we have concluded that the trial court did not err when it overruled the defense's objection to the state's expert testimony about the statistical significance of a D.N.A. match. See Frye v. United States, 293 F. 1013 (D.C.Cir. 1923) (to be admissible, novel scientific evidence must be generally acceptable within the relevant scientific community and found to be reliable); Ramirez v. State, 651 So.2d 1164 (Fla.1995) (setting forth a four-step test for determining the admissibility into evidence of expert testimony concerning a new or novel scientific principle); Flanagan v. State, 625 So.2d 827, 829 n. 2 (Fla.1993) (Florida adheres to the Frye test for admissibility of expert testimony relying on some scientific principle or test); Brim v. State, 654 So.2d 184 (Fla. 2nd DCA), rev. granted, 663 So.2d 629 (Fla. Oct. 26, 1995); Crews v. State, 644 So.2d 338 (Fla. 1st DCA 1994) (on motion for rehearing).
Like the defendant in Alfonso, the appellant was convicted of attempted first-degree felony murder. Neither Gray nor Grinage addressed whether, after a conviction for attempted felony murder is vacated, lesser-included offenses remain viable for a new trial or for a reduction of the offense. We recognize that this type of question will arise, and that conflicting results are likely to be reached, in the numerous other cases affected by Gray and Grinage. See, e.g., Selway v. State, 660 So.2d 1176 (Fla. 5th DCA 1995); Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995) (on motion for rehearing and certification); Williams v. State, 657 So.2d 80 (Fla. 1st DCA 1995). Accordingly, we certify the same question presented by the Third District Court in Alfonso, 661 So.2d at 309:
WHEN A CONVICTION FOR ATTEMPTED FIRST-DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 So.2d 552 (Fla.1995), DO LESSER-INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
AFFIRMING judgment and sentence in Count I and Counts IV through VIII; REVERSING judgment and sentence in Count III and remanding for further proceedings in accordance with Gray and Grinage.
JOANOS and LAWRENCE, JJ., concur.