677 So.2d 320 (1996)
Maurice Morsells HORN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-58.
District Court of Appeal of Florida, First District.
April 12, 1996.
*321 Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Maurice Morsells Horn appeals judgment and sentence for third degree murder with a firearm, two counts of attempted third degree murder with a firearm, and shooting into an occupied vehicle. On appeal, Mr. Horn raises four issues: 1) whether reversible error occurred when peremptory challenges were exercised during a bench conference while he remained at counsel table; 2) whether the trial court erred in denying his motion for a curative instruction and a mistrial regarding certain comments made by the prosecutor; 3) whether his conviction for attempted third degree murder must be reversed; and 4) whether the trial court erred in enhancing his felony murder conviction for use of a firearm. We affirm in part, reverse and remand in part, and certify three questions to the Florida Supreme Court as matters of great public importance.
On December 10, 1993, Mr. Horn, along with his codefendants and others, approached the occupants of a truck parked across the street from The Cozy Corner, a bar. The driver of the truck was Freddy Wayne McLaughlin; Curtis Durm was a passenger. Mr. Horn was carrying a .22 revolver and one of Mr. Horn's codefendants was carrying a .357 revolver. As Mr. McLaughlin was trying to pull out of the parking space he had backed into, Mr. Horn and the aforementioned codefendant opened fire on the truck. Curtis Durm was killed and Tyshena Durm, a bystander, was wounded by a bullet in the abdomen. Mr. Horn and two codefendants were charged with second degree murder, three counts of attempted second degree murder, and shooting at an occupied vehicle.
At the conclusion of a jury trial, the trial court instructed the jury on, among other things, the elements of third degree murder. The jury was instructed that before they could find Mr. Horn guilty of third degree murder, they would have to find that the state had proven beyond a reasonable doubt that Horn and/or one of his codefendants was engaged in committing or attempting to commit the offense of shooting at or into an occupied vehicle, aggravated battery, or aggravated assault. The jury was also instructed that the lesser included offenses of attempted second degree murder were attempted third degree murder, attempted manslaughter, and aggravated assault.
The jury found Mr. Horn and one of the codefendants guilty of third degree murder, two counts of attempted third degree murder, and shooting into an occupied vehicle. The verdict form did not specify on which of the three predicate offenses the jury relied in finding Mr. Horn guilty of felony murder and attempted felony murder. The jury also found that Mr. Horn "did personally possess a firearm during the commission of the *322 crime." The trial court enhanced both the felony murder and the attempted felony murder convictions based on the use of a firearm.
With respect to the first issue raised by Mr. Horn on appeal, whether reversible error occurred when peremptory challenges were exercised during a bench conference while he remained at counsel table, we affirm. While our supreme court has stated that a criminal defendant "has a right to be physically present at the immediate site where pretrial juror challenges are exercised," Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), cert. denied, Coney v. Florida, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), the applicability of this holding is prospective only. Id.; Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996). The Coney holding is thus inapplicable to Mr. Horn's case. In Lett, we certified the following question which we again certify to our supreme court as being of great public importance:
DOES THE DECISION IN CONEY APPLY TO "PIPELINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
We find no merit to Mr. Horn's second argument, that the trial court erred in denying his motion for a curative instruction and a mistrial regarding certain comments made by the prosecutor, and affirm as to this ground without further discussion.
As to Mr. Horn's third argument, we agree that his conviction for attempted third degree murder must be reversed. There is no criminal offense of attempted felony murder in Florida. State v. Grinage, 656 So.2d 457, 458 (Fla.1995); State v. Gray, 654 So.2d 552, 553 (Fla.1995). "The legal fictions required to support the intent for felony murder are simply too great." Gray, 654 So.2d at 554. Neither Grinage nor Gray addressed, however, whether lesser-included offenses remain viable either as the basis for a new trial or as substituted "reduced convictions" on remand, where a conviction for attempted felony murder is reversed on appeal.
The state urges us to reduce Mr. Horn's attempted felony murder conviction to attempted manslaughter, pursuant to section 924.34, Fla.Stat. (1993). This court has previously declined a similar request.
Were we to adopt the state's position and direct entry of judgment for attempted manslaughter (an intent crime) pursuant to section 924.34, we necessarily would be acting as the fact-finder and would have to assume the presence of the requisite intent. Such a result would encroach impermissibly upon the province of the jury. We conclude that the appellant would be effectively denied his constitutional right to trial by a jury if we, sitting in an appellate capacity, were to presume a finding of intent that the jury itself did not have to make.
On the other hand, we are unconvinced by the appellant's argument that Gray mandates an outright dismissal of charges for all time. Specifically, the instant case is not one of insufficient evidence.
Pratt v. State, 668 So.2d 1007, 1009 (Fla. 1st DCA 1996). We reaffirm this recent precedent.
Here, as in Pratt, the evidence was sufficient to support a jury finding of attempted manslaughter, Brown v. State, 455 So.2d 382 (Fla.1984) (quoting Taylor v. State, 444 So.2d 931, 934 (Fla.1983) ("when the underlying conduct constitutes an act or procurement, such as an aggravated assault, there is an intent to commit the act and, thus, there exists the requisite intent to support attempted manslaughter"), but it is not for us "sitting in an appellate capacity ... to presume a finding of intent that the jury itself did not have to make." Pratt, 668 So.2d at 1009. There is no crime of attempted manslaughter by culpable negligence in Florida. Reid v. State, 656 So.2d 191, 192 (Fla. 1st DCA), review denied, 663 So.2d 632 (Fla.1995) ("A defendant may be convicted of attempted manslaughter if there is proof that the defendant had the requisite intent to commit an unlawful act; however, there is no crime of attempted manslaughter by culpable negligence. Taylor v. State, 444 So.2d 931, 934 (Fla.1983)."). Intent is a necessary element. *323 We therefore reverse the conviction for attempted third degree murder and remand to the trial court on the authority of Pratt. As in Pratt, we also certify the following questions to our supreme court as being of great public importance:
WHEN A DEFENDANT IS CHARGED WITH ATTEMPTED SECOND-DEGREE MURDER AND IS CONVICTED BY A JURY OF ATTEMPTED THIRD DEGREE (FELONY) MURDER, DO STATE V. GRAY, 654 SO.2D 552 (FLA. 1995), AND SECTION 924.34, FLORIDA STATUTES (1991), REQUIRE OR PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION TO ENTER JUDGMENT FOR ATTEMPTED VOLUNTARY MANSLAUGHTER, A CATEGORY 1 NECESSARILY INCLUDE LESSER OFFENSE OF THE CRIME CHARGED?
IF THE ANSWER IS NO, THEN DO LESSER-INCLUDED OFFENSES OF THE CHARGED OFFENSE REMAIN VIABLE FOR A NEW TRIAL?
Finally, the trial court erred in enhancing the felony murder conviction on account of the use of a firearm or deadly weapon, since the conviction for felony murder may well have been based on a predicate offense that had use of a deadly weapon or firearm as an essential element. Enhancement of a felony based on the use of a weapon or firearm during the commission of the felony is not authorized where the use of a weapon or firearm is an essential element of the felony. § 775.087(1), Fla.Stat. (1993).
If the jury's felony murder verdict was based on aggravated battery as defined in section 784.045(1)(a)2 (deadly weapon) or on aggravated assault or on shooting at or into an occupied vehicle, the prohibition against enhancement on the basis of a necessary element of the offense was violated. Shooting at an occupied vehicle in violation of section 790.19, Florida Statutes (1993), is the only predicate offense of which Mr. Horn was actually convicted, and use of a firearm is a necessary element of that offense.
Since it is impossible to know on which predicate offense(s) the jury's verdict rests, enhancement is not authorized here. In Yates v. United States, 354 U.S. 298, 300, 77 S.Ct. 1064, 1067, 1 L.Ed.2d 1356 (1957), overruled in part on other grounds, Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court reversed a conspiracy conviction which was supportable on one ground but was not legally supportable on a second ground presented to the jury, so that it was impossible to tell on which ground the jury based its verdict. The Court held: "In these circumstances we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." Id. at 312, 77 S.Ct. at 1073.
An analogous situation exists in the present case. Of the possible predicate offenses on which the jury could have based its finding that Mr. Horn was guilty of felony murder, only oneaggravated battery as defined in section 784.045(1)(a)1 (causing great bodily harm)would legally permit the trial court to enhance the conviction for use of a firearm. Since the enhancement "is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected," id., we are obliged to reverse the enhancement.
Affirmed in part, reversed and remanded in part, and questions certified.
JOANOS and BENTON, JJ., concur.
WOLF, J., concurs in result.