PER CURIAM.
Tristón Ellis, appellant, challenges his conviction of the crime of attempted first-degree felony murder, and the assessment of victim injury points on the sentencing guidelines scoresheet. We reverse the judgment and sentence for attempted first-degree felony murder, pursuant to the Florida Supreme Court’s pronouncement in State v. Gray, 654 So.2d 552 (Fla.1995), but we remand for further proceedings. We affirm the assessment of victim injury points without comment.
The state does not dispute that appellant’s conviction and sentence for the crime of attempted first-degree felony murder must be vacated on the authority of State v. Gray. Accord State v. Grinage, 656 So.2d 457, 458 (Fla.1995). In Gray and Grinage, the Florida Supreme Court held that the crime of attempted felony murder no longer exists in Florida. The decision was made applicable to all cases pending on direct review or not yet final. Gray, 654 So.2d at 554; Grinage, 656 So.2d at 458. However, the state does disagree with appellant’s contention that the cause should be remanded with directions to discharge appellant, with respect to the conviction of what has been determined to be a nonexistent crime.
Neither Gray nor Ginage addressed the nature or scope of options available to the state and the trial court, when a case is remanded after application of Gray to a conviction and sentence for attempted felony murder. See Gibson v. State, 667 So.2d 884 (Fla. 1st DCA 1996); Pratt v. State, 668 So.2d 1007 (Fla. 1st DCA 1996). In Pratt, the appellant was charged with attempted second-degree murder, but the jury convicted him of attempted third-degree felony murder. This court rejected Pratt’s argument that Guy mandates outright dismissal of the charges. Noting that the case was not one of insufficient evidence to sustain a guilty verdict, the court reversed the conviction, remanded the cause for further proceedings in accordance with Guy, and certified two questions of great public importance. 668 So.2d at 1009-1010.
In Gibson, as here, the appellant was convicted of attempted first-degree felony murder. Judge Mickle, writing for the court, observed that the question left unanswered in Gray would continue to arise and conflicting results will be reached in numerous cases affected by Gray and Ginage. The court then certified as a question of great public importance whether, after an attempted first-degree felony murder conviction is vacated on authority of State v. Guy, lesser included offenses remain viable for a new trial or for reduction of the convicted offense.
As predicted in Gibson, a slightly different result was reached in Upshaw v. State, 665 So.2d 303 (Fla. 2d DCA 1995). There, the Second District recognized that under Gray, Upshaw’s two convictions of attempted first-degree felony murder were required to be vacated. However, rather than certification, the court instructed that on remand, “the state may file an amended information as to those two counts in order to charge a valid offense.” 665 So.2d at 304.
The question certified in Gibson tracks the language of the certified question in Wilson v. State, 660 So.2d 1067, 1069 (Fla. 3d DCA 1995), and Alfonso v. State, 661 So.2d 308, 309 (Fla. 3d DCA 1995). The supreme court has granted review in both cases, see State v. Wilson, 668 So.2d 604 (Fla.1996), and State v. Alfonso, 668 So.2d 603 (Fla.1996), but a decision is still pending as to whether a new information may be filed to charge a valid offense after remand of a conviction vacated pursuant to Guy. Therefore, we join with other panels of this court and of the Third District Court, and certify the following question as a matter of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST-DEGREE FELONY MURDER MUST BE VACATED ON *861 AUTHORITY OF STATE v. GRAY, 654 So.2d 552 (Fla.1995), DO LESSER-INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
Accordingly, we reverse the conviction and sentence for attempted felony murder, and remand this cause for further proceedings in accordance with Gray and Grinage.
BOOTH, JOANOS and BENTON, JJ., concur.