PER CURIAM.
On the authority of State v. Gray, 654 So.2d 552 (Fla.1995), we vacate the defendant’s conviction and sentence for attempted first degree felony murder and, in accordance with Wilson v. State, 660 So.2d 1067 (Fla. 3d DCA 1995), review granted, 668 So.2d 604 (Fla.1996) and Jones v. State, 669 So.2d 1094 (Fla. 3d DCA 1996), and cases cited, reject the state’s claim that the conviction may properly be reduced to a lesser offense — in this case, aggravated assault. We again certify to the Supreme Court the question of great public importance stated in Wilson, 660 So.2d at 1069.
The only claim of error in the defendant’s numerous other convictions is that the trial judge erred in disallowing an attempted defense peremptory challenge. We disagree because the record supports the conclusions that the African-American defendant’s third challenge of a Hispanic prospective juror was racially motivated, see Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995), review denied, 659 So.2d 272 (Fla.1995), and that the proffered reason for the strike was pretextual. See State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
Affirmed in part, vacated in part, question certified.