679 So.2d 321 (1996)
John CLARK, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2638.
District Court of Appeal of Florida, Third District.
August 21, 1996.
Rehearing Denied October 2, 1996.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Richard L. Polin, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from his convictions and sentences on two counts of lewd assault after a jury trial.

I.
The primary evidence against Clark was the result of DNA testing which established, to a disputed degree of likelihood, that the defendant was the father of the victim's child. The primary issue raised in this appeal is the correctness of the trial court's determination, rendered after an extensive Frye[1] hearing in which three nationally recognized experts testified for the state, that DNA match probability calculations rendered under the "product rule" were properly deemed admissiblewithout reference to and, indeed, to the exclusion of the so-called "ceiling principle" reflected in a 1992 preliminary report of the National Research Council. Cf. Gibson v. State, 667 So.2d 884 (Fla. 1st DCA 1996), review granted 678 So.2d 339 (Fla.1996); Brim v. State, 654 So.2d 184 (Fla. 2d DCA 1995), review granted, 663 So.2d 629 (Fla.1995); Vargas v. State, 640 So.2d 1139 (Fla. 1st DCA 1994), rev'd on other grounds, 667 So.2d 175 (Fla.1995). We conclude not only that the order below is fullyindeed, essentially uncontradictedly sustained by the evidence, but that the record as well as developments since the hearing, especially the contents of a 1996 report of the National Research Council, The Evaluation of Forensic DNA Evidence, effectively demonstrate that the "ceiling principle" has no validity whatever and that, contrariwise, product rule calculations are appropriate as a matter of scientific fact and law. See Committee on DNA Forensic Science, National Research Council, An Update, The Evaluation of Forensic DNA Evidence (prepublication copy 1996); United States v. Bonds, 12 F.3d 540 (6th Cir.1993); United States v. Jakobetz, 955 F.2d 786 (2d Cir.1992), cert. denied, 506 U.S. 834, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992); Fishback v. People, 851 P.2d 884 (Colo.1993); People v. Adams, 195 Mich.App. 267, 489 N.W.2d 192 (1992), modified in part, appeal denied in part, 441 Mich. 916, 497 N.W.2d 182 (1993); State v. Pierce, *322 64 Ohio St.3d 490, 597 N.E.2d 107 (1992); see also Perry v. State, 606 So.2d 224 (Ala. Crim.App.1992); Prater v. State, 307 Ark. 180, 820 S.W.2d 429 (1991); Nelson v. State, 628 A.2d 69 (Del.1993); Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988), review denied, 542 So.2d 1332 (Fla.1989); State v. Montalbo, 73 Haw. 130, 828 P.2d 1274 (1992); State v. Brown, 470 N.W.2d 30 (Iowa 1991); State v. Dykes, 252 Kan. 556, 847 P.2d 1214 (1993); Cobey v. State, 80 Md.App. 31, 559 A.2d 391 (1989), cert. denied, 317 Md. 542, 565 A.2d 670 (1989); State v. Williams, 252 N.J.Super. 369, 599 A.2d 960 (1991); People v. Wesley, 83 N.Y.2d 417, 633 N.E.2d 451, 611 N.Y.S.2d 97 (1994); State v. Pennington, 327 N.C. 89, 393 S.E.2d 847 (1990); State v. Ford, 301 S.C. 485, 392 S.E.2d 781 (1990); Satcher v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992), cert. denied, 507 U.S. 933, 113 S.Ct. 1319, 122 L.Ed.2d 705 (1993).
Accordingly, we affirm the determination below and the convictions under review. Moreover, we hold that DNA match probability calculations under the product rule are admissible in this district, and evidence based upon the ceiling principle is not.

II.
Under Karchesky v. State, 591 So.2d 930 (Fla.1992), the defendant also challenges the assessment of sentencing points for "victim injury" when, he says, there was evidence only of penetration. Because it is unclear whether this point was properly preserved below, compare McCalister v. State, 664 So.2d 1149 (Fla. 3d DCA 1995) with Pinacle v. State, 654 So.2d 908 (Fla.1995), we deem it appropriate to remand the cause for a hearing as to whether there was, in fact, additional victim injury apart from penetration, for which points could properly have been assessed under Karchesky. If there was, the sentence shall be affirmed. If there is a contrary finding, Clark shall be resentenced upon a properly corrected scoresheet.
Affirmed in part, vacated in part and remanded.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).