PER CURIAM.
 

 The defendant, Anthony Luther, was convicted pursuant to section 893.13(l)(f), Florida Statutes (2009), of selling cocaine within 1,000 feet of a public housing facility. We agree with Luther that the State failed to prove that the location where the drugs were sold was a public housing facility. The trial court, therefore, erred in failing to grant the defendant’s motion for judgment of acquittal on that ground.
 
 [1]
 

 Accordingly, we reverse Luther’s conviction for selling cocaine within 1,000 feet of a public housing facility and remand with instructions to the trial court to adjudicate Luther guilty of selling cocaine, a necessarily lesser included offense, and to resentence him accordingly.
 
 See
 
 § 924.34, Fla. Stat. (2009);
 
 [2]
 

 Paige v. State,
 
 641 So.2d 179 (Fla. 5th DCA 1994) (reversing conviction for possession of cocaine with intent to sell within 200 feet of a public housing facility because the statute was unconstitutionally vague; remanding with instructions to enter a judgment for simple possession of cocaine with intent to sell);
 
 see also Cox v. State,
 
 764 So.2d 711, 713 (Fla. 1st DCA 2000) (“Therefore, we conclude the state failed to prove an essential element of the charged offense, i.e., that the offense was committed within 1,000 feet of a school. Since the state proved appellant committed the offense of sale of cocaine, the conviction for sale of cocaine within 1,000 feet of a school must be vacated and remanded with directions to enter a judgment of conviction and sentence for sale of cocaine, in accordance with the provisions of section 924.34, Florida Statutes.”).
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 SAWAYA, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . Luther also argues that the trial court erred in instructing the jury on expert witnesses because the trial court did not indicate to the jury which witnesses were experts. As to this issue, we affirm without further discussion.
 

 [2]
 

 . We note that the Florida Supreme Court has held section 924.34 unconstitutional "[t]o the extent that [it] can be read to provide for conviction of an offense whose elements have not been determined by the jury....”
 
 State v. Sigler,
 
 967 So.2d 835, 844 (Fla.2007). However, section 924.34 can be constitutionally applied in the instant case because the sale of cocaine is a necessarily lesser included offense of the sale of cocaine within 1,000 feet of a public housing facility.
 
 See id.
 
 ("[W]hen all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.”).