IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BERNARD LETRELL ASH,

      Appellant,

 v.                                                          Case No.  5D15-4246

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Putnam County,
Clyde E. Wolfe, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Bernard Letrell Ash appeals his conviction for the sale of a controlled substance

within 1000 feet of a public housing facility.  He argues that the trial court erred in denying

his motion for judgment of acquittal because the State did not prove that the property near

which he sold the controlled substance was a public housing facility, citing *Luther v. State*,

68 So. 3d 384, 385 (Fla. 5th DCA 2011). Although the appellant in *Luther* successfully raised the same issue on appeal, the *Luther* opinion is of little precedential value because it did not discuss in any detail the evidence presented at that trial. In this case, however, we agree with the trial judge that the State presented sufficient evidence from which the jury could find that Ash sold drugs within 1000 feet of a statutorily-defined public housing facility. Accordingly, we affirm.

We review a trial court's ruling on a motion for a judgment of acquittal de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). Sufficient evidence exists to withstand a defendant's motion for judgment of acquittal when, viewing all evidence in the light most favorable to the state, a rational trier of fact could find the existence of each element of the charged crime beyond a reasonable doubt. *Id.*

Section 893.13(1)(f), Florida Statutes (defining the charged crime) provides:

> [A] person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public housing facility at any time. As used in this section, the term "real property comprising a public housing facility" means real property, as defined in s. 421.03(12), of a public corporation created as a housing authority pursuant to part I of chapter 421.

§ 893.13(1)(f), Fla. Stat. (2013). The jury in this case was properly instructed with respect to the location element, consistent with the standard jury instruction, that it must find beyond a reasonable doubt that: "The sale took place in, on, or within 1000 feet of the real property comprising a public housing facility." For proof of this element, the State called a twenty-six-year employee of the Palatka Housing Authority (PHA), who testified that the drug sale took place approximately 150 feet from a public housing facility owned by PHA. He explained that PHA was a "government entity" established through the City

2

of Palatka to provide "low-income housing" in the city. The witness testified that he knew the location of all 441 units operated by PHA in Palatka. The State then showed the witness a surveillance video of the drug transaction that had already been admitted into evidence. The witness testified that the red brick buildings seen in the video were "Palatka Housing Authority properties," and that the drug sale captured in the video took place less than 150 feet from the public housing units. This evidence was clearly sufficient to withstand Ash's motion for judgment of acquittal as to the location element.

Ash's argument at trial and on appeal focuses on the fact that this witness, the maintenance director for PHA, when questioned in cross-examination, was unable to testify with confidence about the details of how PHA was formed in the 1960s, and initially said, "I don't know" in response to a question about whether PHA was "a public or private corporation." However, the State was not required to prove PHA's incorporation history. The witness knew, and had already testified to the fact that he worked for the public housing authority, a governmental entity owned the property at issue. That was sufficient.

AFFIRMED.

LAWSON, C.J., LAMBERT and EDWARDS, JJ., concur.

3